UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KAREN AMPEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO: 1:19-CV-04212 |
| ) | |
| INDIANA DEPARTMENT OF CHILD ) | |
| SERVICES, ) | |
| ) | |
| Defendant. ) | |

### AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, Karen Ampey, hereinafter Ampey, by counsel, pursuant to Rule 3, Fed. R. Civ. P., and files her Complaint against the Defendant, Indiana Department of Child Services, hereinafter Defendant, and shows the Court the following:

### JURISDICTION AND VENUE

1. This suit is brought and jurisdiction lies pursuant to §28 U.S.C. § 1331, 1332, 1337, 1343 and 1345. This is an action authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Southern District of Indiana, Indianapolis Division. Therefore, venue is proper within this District and Division pursuant to 42 U.S.C. § 12117(a) and 28 U.S.C. §1391(b)(2).

3. This Court has Supplemental jurisdiction over any state law claims alleged in this Complaint, pursuant to the Judicial Improvements Act of 1990, 28 U.S.C. 1367. Jurisdiction is proper as the state law claims for negligence arise out of the same

transaction or occurrence that is the subject matter of the federal claims in this Complaint. Accordingly, justice and judicial economy require that this Court assert supplemental jurisdiction over any state law matters alleged in this Complaint.

## PARTIES

4. The Plaintiff, Ampey, is an African American, female citizen of the United States, and is a qualified employee as defined in Section 701(f) of Title.

5. At all times relevant hereto, Ampey was an "employee" of the Defendant, as that term is defined in Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. §2000e(f), and/or the Indiana Civil Rights Law, Ind. Code § 22-9-1-3(i).

6. The Defendant is a qualified employer as the term is defined in Section 701(f) of Title VII.

7. At all times relevant hereto, the Defendant was an "employer" as that term is defined in Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. §2000e(b), and/or the Indiana Civil Rights Law, Ind. Code § 22-9-1-3(h).

## ADMINISTRATIVE PROCEDURES

8. On or about April 30, 2019, Ampey filed charges of Race Discrimination with the Equal 470-2019-00966.

9. On or about July 16, 2019, Ampey received a Notice of Right to Sue from the EEOC for Charge Number 470-2019-00966, entitling her to commence action within ninety (90) days of her receipt of the Notice. A copy of the Notice was attached to the original complaint and

10. The Complaint in this matter was filed within ninety (90) days of receipt of the above referenced Notice of Right to Sue from the EEOC.

## FACTS

11. The Defendant hired Ampey on or about May 23, 2016.

12. Throughout her employment with Defendant, Ampey met or exceeded Defendant's legitimate expectations of performance.

13. On October 18, 2018, Defendant terminated Ampey for " violating company policy"

14. Ampey took her daughter with her during a work visit in Elkhart, Indiana.

15. Ampey did not know taking her daughter with her was a violation of company policy because her co-workers had taken family members on visits with them.

16. Specifically, Valarie McMasters, her Caucasian co-worker took her children and husband with her during her work visits numerous times and she was not terminated.

17. In fact, it is well known by Ampey's co-workers that their family members could accompany them as well as be in the office when clients were present, and Ampey's supervisor, Melinda Rangel also brought her family around clients.

18. Ampey was treated differently by Defendant due to her race.

## COUNT I

## DISCRIMINATION ON THE BASIS OF RACE

19. Ampey hereby incorporates by reference paragraphs 1 through 18 as though previously set out herein.

20. The Defendant discriminated against Ampey due to her race.

21. The Defendant did not terminate of discipline any Caucasian employees in her office for violating the same "company policy" for which Ampey was terminated.

22. The Defendant offered more favorable terms of employment to Caucasian employees.

23. The Defendant's reason for terminating Ampey is a pretext for discrimination due to her race.

24. By the conduct described hereinabove, the Defendant has willfully and intentionally, with malice or reckless disregard of Ampey's rights as an African American employee, engaged in unlawful and discriminatory employment practices, in violation of Title VII.

25. Ampey has suffered emotional and economic damages as a result of Defendant's unlawful actions.

## REQUESTED RELIEF

WHEREFORE, Ampey, respectfully requests that this Court enter judgment in her favor and:

a. Order Defendant to pay Ampey her lost wages, unpaid bonuses and other economic benefits lost as a result of Defendant's unlawful acts;

b. Reinstatement to the position, salary and seniority level to which she would have been entitled but for Defendnat's unlawful actions, or front pay in lieu of reinstatement;

c. compensatry damages;

d. punitive damages;

e. liquidated damages;

f. lost future wages;

g. All costs and attorney's fees incurred as a result of bringing this action;

h. Payment of all pre- and post -judgment interest;

i. Provide to Ampey all other legal and/or equitable relief this Court sees fit to grant.

## DEMAND FOR JURY TRIAL

Ampey, by counsel, respectfully requests a jury trial for all issues deemed so triable.

Respectfully submitted:
*/s/ Cherry Malichi*
Cherry Malichi 15406-49
P.O. Box 36034
Indianapolis, IN 46236
cherrymalichi@gmail.com
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on January 13, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the attorneys of record.